In re BACIGALUPI, INC., dba Paolino's Delicatessen, a California corporation, Appellee/Debtor.

In re Paul BACIGALUPI, Susan E. Bacigalupi, dba Bacigalupi, Inc. dba Paolino's Delicatessen, a California corporation, Appellees/Debtors.

PARKWAY PLAZA INVESTORS, Appellant,

v.

Paul BACIGALUPI; Susan Bacigalupi; and William Grover, as Trustee in Bankruptcy of the Estates of Bacigalupi, Inc. and Paul and Susan Bacigalupi, Appellees.

BAP No. NC–85–1136–VEAs.

Bankruptcy Nos. 1–82–01499, 1–82–01497.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted on Nov. 22, 1985.

Decided March 24, 1986.

Sblend A. Sblendorio, Levy, Greenfield & Davidoff, San Jose, Cal., for appellant.

Paul G. Carey, Dickenson, Peatman & Fogarty, Napa, Cal., for appellees.

Before VOLINN, ELLIOTT, and ASHLAND, Bankruptcy Judges.

VOLINN, Bankruptcy Judge:

The debtors' landlord, appellant Parkway Plaza Investors ("Parkway"), has been sued in state court by the debtors and their Chapter 7 trustee for damages arising out of the lease. Parkway appeals from an order of the bankruptcy court denying Parkway's motion to vacate an order authorizing and approving the Chapter 7 trustee's partial assignment of the estates' cause of action to the debtors and also appeals the order denying relief from stay to permit Parkway to plead setoff for unpaid rent in the state court action.

The issues are: (1) whether the bankruptcy court abused its discretion in refusing to modify the stay to permit Parkway to plead setoff, and (2) whether notice to creditors was required before approving an assignment of the estates' cause of action.

### I. BACKGROUND

#### A.

This appeal concerns two Chapter 7 bankruptcies: (1) Paul and Susan Bacigalupi ("individual debtors") and (2) Bacigalupi, Inc. ("corporate debtor"). The individual debtors conducted business through the corporate debtor, which did business as "Paolino's Delicatessen." Both estates have the same trustee, William Grover.

Parkway leased space for the delicatessen under a shopping center lease dated June 29, 1978. The lease identifies the lessee as "Paul Bacigalupi dba Paolino's Delicatessen" and is signed by "Paul Bacigalupi, an individual." The rent was $1,435 per month. Parkway alleges that Paul Bacigalupi has failed to pay rent since April 1982.

Both the individual and corporate debtors filed for bankruptcy on the same day, November 22, 1982. According to the briefs, the individual bankruptcy was a no-asset case, so Parkway did not file a proof of claim. A discharge was entered on April 23, 1983.

The corporate bankruptcy was initially designated a no-asset case, but later creditors were instructed to file claims. On April 21, 1983, Parkway filed a proof of claim, based on the lease referred to above, in the corporate bankruptcy in the amount of $54,223.82 for unpaid rent, of which

$22,822.28 was pre-petition and $31,401.54 post-petition.

The corporate trustee objected to Parkway's proof of claim (nearly two years later) on grounds that:

the debtor above named was not in breach of any lease agreement to which it was a party, that the amount claimed is excessive, that any obligations of the debtor were excused and that claimant waived any rights it might have had against said debtor. There is currently a lawsuit pending in this Court regarding this lease.

## B.

In 1984, Paul and Susan Bacigalupi and the individual and corporate trustee filed an action in California state court against Parkway and others. The Second Amended Complaint alleges that the lease was "expressly or impliedly by law entered into for the intended benefit of Susan Bacigalupi and Bacigalupi, Inc., dba Paolino's Delicatessen." It alleges six causes of action, including breach of contract (by unreasonably withholding consent to plaintiffs' proposed sale and assignment or sublease of their interest in the premises) and fraud and misrepresentation (by making certain representations concerning gas and electricity usage). No answer is in the record, but Parkway apparently demurred.

Paul and Susan Bacigalupi, individually, are advancing the costs and attorney's fees for this state court action from their post-Chapter 7 personal earnings, pursuant to a stipulation approved by the bankruptcy court on July 10, 1984. That approval led to this appeal.

The trustee presented the bankruptcy court with an "Application for Assignment of Claim and Confirmation of Stipulation." The trustee represented that the corporation has "what is believed to be a very valid substantial claim against the landlord" (Parkway) but was without funds to pursue it.

Attached to the Application was a "Stipulation and Assignment," entered into by the individual and corporate trustee and Paul and Susan Bacigalupi, under which both estates assigned to Paul and Susan Bacigalupi "as their individual property, separate from that of Estates and not subject to administration by the Bankruptcy Court," a certain percentage of the total recovery from pursuit of these claims. The percentages work out to be:

| | |
|---|---|
| 52.5% | to Paul and Susan individually |
| 17.5% | to Estate of Paul and Susan |
| 30.0% | to Estate of Bacigalupi, Inc. |
| 100.0% | total recovery |

Parkway asserts that this application was made without notice to any creditor, including Parkway, and therefore violates Bankruptcy Code § 363(b)(1). The Bacigalupis contend, generally, that any error was harmless and did not affect any substantial rights of Parkway.

On November 16, 1984, Parkway brought a motion for relief from stay to permit setoff and to set aside assignment of property of the estate in both the individual and corporate bankruptcy cases. The motion was heard on January 17, 1985. The bankruptcy court denied the motion by order entered on June 25, 1985. Parkway has timely appealed. The appellees are Paul and Susan E. Bacigalupi and William Grover, as trustee of the individual and corporate estates (hereinafter referred to as "the Bacigalupis").

## II. SETOFF

### A.

Parkway contends that the bankruptcy court abused its discretion by denying its motion for relief from stay to permit setoff. Parkway argues that the arrangement approved by the bankruptcy court "operates as a subterfuge" of 11 U.S.C. § 553, concerning setoff, because less than one-half of any funds the debtors may recover in the state court action will be made available to the debtors' estates.

The Bacigalupis do not object to Parkway attempting to establish the validity and to liquidate the amount of its claim in

state court; rather, they oppose the request to assert a setoff in the state court action. They argue that the 52.5 percent share "partially assigned" to Paul and Susan Bacigalupi as their individual property is a cost of administration against which no setoff can be asserted. They contend that the "partial assignments" were in the best interest of the estates because without them, the debtors' claims against Parkway would not have been pursued.

Code Section 553 provides, in relevant part:

(a) Except as otherwise provided in this section ..., this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...

As a general rule, the foregoing allows to a creditor the same right of offset which existed prior to bankruptcy.

Section 553 'does not, however, create any new right of setoff when none exists under nonbankruptcy law. It merely recognizes the existence of the doctrine of setoff, and adds some additional restrictions to its application.'

*In re Marta Group, Inc.,* 47 B.R. 220, 224 (Bankr.E.D.Penn.1985), quoting from 4 Collier on Bankruptcy ¶ 553.02 at 553–9 (15th ed. 1984).

■ The allowance or disallowance of a setoff is a decision which ultimately rests in the sound discretion of the bankruptcy court. *Bohack Corp. v. Borden, Inc.,* 599 F.2d 1160, 1165 (2d Cir.1979). The statutory remedy of setoff should be enforced "unless the court finds after due reflection that allowance would not be consistent with the provisions and purposes" of the Bankruptcy Code "as a whole." *Id. See also In re Utica Floor Maintenance, Inc.,* 41 B.R. 941 (N.D.N.Y.1984). Presumably the converse would also hold true.

■ We agree with Parkway that the bankruptcy court abused its discretion by

denying its motion for relief from stay to assert a setoff in the state court action. A key factor in our decision is that it was the Bacigalupis, not Parkway, who initiated the state court action. Therefore, there is no issue of Parkway attempting to harass the debtors, as might arise in other situations involving relief from stay. The court in *Bohack* stated in relevant language:

Where a debtor institutes a lawsuit and then invokes the protection of Rule 11–44 [automatic stay] on a counterclaim, the situation warrants a very thoughtful scrutiny. Just as the court has discretion to deny setoffs in appropriate cases, so the court has an equitable duty to grant a setoff when a debtor moves outside the confines of bankruptcy court in an attempt to reap the benefits but circumvent the burdens in another forum.

*Id.* at 1168. We do not see how allowance of a right of setoff in the state court action would be inconsistent with the provisions and purposes of the Bankruptcy Code as a whole.

## B.

■ The Bacigalupis have misperceived the reach or application of a right to setoff. If they recover any damages against Parkway in their state court action, then Parkway can offset any unpaid rent to which it may be found entitled against the full amount of such recovery. A setoff must be applied in the forum in which the conflicting claims are heard or it is not a "setoff." For the setoff provisions to apply, the creditor's claim must have arisen before the commencement of the case. 11 U.S.C. § 553(a). Therefore, Parkway's right to setoff should be limited to any pre-petition rent found to be due and owing.

■ Our decision does not necessarily mean that Paul and Susan Bacigalupi cannot receive a percentage of any damages they may recover in their state court action for financing the litigation. It means that if the state court finds that Parkway is entitled to any pre-petition rent, then that amount of pre-petition rent must be sub-

tracted, or "setoff," from the amount of the plaintiffs' recovery before the recovery can be apportioned among Paul and Susan Bacigalupi and the two bankruptcy estates. Any other result would vitiate the meaning of Section 553.

The net recovery, less the percentage to be retained by the Bacigalupis, should then be paid to the trustee. Parkway may then recover its allowed priority claim for post-petition rent out of the estates, or share pro-rata with other administrative claimants in the event that total administrative claims exceed the amount available for payment.

### C.

The Bacigalupis also contend that Parkway has no right to setoff because there is no "mutual debt" within the meaning of 11 U.S.C. 553(a).

The mutuality requirement is strictly construed. *In re Fasano/Harriss Pie Co.*, 43 B.R. 864, 870 (Bankr.W.D.Mich.1984). "To be mutual the debts must be in the same right and between the same parties, standing in the same capacity." *Id.*, quoting from 4 Collier on Bankruptcy ¶ 553.04 at 553–22 (15th ed. 1980). On the subject of joint and several claims, the treatise provides:

> As a general rule, for mutuality to exist, each party must own his claim in his own right severally, with the right to collect it in his own name against the debtor in his own right and severally. A joint debt cannot be set off against a separate debt, or conversely, a separate debt against a joint debt.

4 Collier on Bankruptcy § 553.04[4] at 553–30 to 553–31 (15th ed. 1985).

■ It is true that Parkway's claim is for unpaid rent owed to it by the lessee, Paul Bacigalupi, as an individual. But in the Application, the trustee states that the *corporation* has a legal claim against the landlord. And the state court complaint alleges that Susan Bacigalupi and the corporation were *third-party intended beneficiaries* of the lease between Parkway and Paul Bacigalupi, and therefore entitled to

bring the cause of action along with Paul against Parkway. Under these circumstances, Parkway's claimed right to setoff cannot fail for lack of mutuality.

### III. STANDING & LACK OF NOTICE

#### A.

■ The Bacigalupis argue that Parkway lacks standing to request the bankruptcy court to set aside the Stipulation and Assignment because it is potentially liable to the estates. "Creditor" is defined in § 101(9) as the holder of a claim and "claim" is defined in § 101(4)(A) as a right to payment even though unliquidated, contingent or disputed. As a creditor, Parkway had standing to object to the bankruptcy court's approval of the Stipulation and Assignment and standing to vacate the Stipulation and Assignment.

#### B.

■ We agree with Parkway that the bankruptcy court should have considered the Application and the Stipulation and Assignment only after the notice and hearing required by Section 363(b)(1).

Code Section 363(b)(1) provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

The Code defines the phrase "after notice and a hearing" in 11 U.S.C. § 102(1) as:

> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if—
>
>> (i) such a hearing is not requested timely by a party in interest; or
>>
>> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act

See also BR 2002 and BR 6004 (requiring 20-day notices to parties in interest of a proposed use, sale, or lease of property other than in the ordinary course of business).

Neither the trustee's Application nor the Stipulation and Assignment mentions anything about notice to creditors. Two affidavits before the bankruptcy court substantiate Parkway's contention that neither Parkway nor its attorneys received notice of the Application.

The creditors of either estate may well have had objections to the way the trustee and the Bacigalupis agreed to divide up the proceeds of any recovery. It may be that Parkway will wish to settle the claim against it by paying an amount to the estates plus waiving its claims against the estate, in effect, overbidding the Bacigalupis. Nothing in the record explains why they agreed to allocate 70 percent to the individual estate (of which Paul and Susan receive 75 percent for themselves individually) and 30 percent to the corporate estate. After Paul and Susan receive their individual shares of any recovery, only 17.5 percent will go to their estate and 30 percent to the corporate estate. The same person is the trustee for both estates. The lack of notice cannot be considered harmless. The Code requires the trustee to give notice to provide an opportunity for objections and a hearing if there are objections. 11 U.S.C. § 363(b)(1); 2 Collier on Bankruptcy ¶ 363.-03 at 363–17 (15th ed. 1985).

## IV.  CONCLUSION

The bankruptcy court abused its discretion by denying Parkway's motion for relief from stay to permit setoff and to set aside assignment of property of the estate for lack of notice. We reverse and remand for further proceedings not inconsistent with this decision.